IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

**RICHLAND, LLC,**

    **Plaintiff,**

**v.**                                                                      **No. _____**
                                                                            **JURY DEMANDED**

**UNION INSURANCE COMPANY,**

    **Defendant.**

## COMPLAINT

COMES NOW the Plaintiff, Richland, LLC, and for its Complaint against Union Insurance Company would state and show as follows:

### PARTIES AND JURISDICTION

1. Richland, LLC ("Plaintiff") is a limited liability company formed under the laws of the State of Tennessee, with its principal place of business located in Pulaski, Giles County, Tennessee. Plaintiff is the owner of the commercial building located at or around 275 Industrial Blvd., Pulaski, Giles County, Tennessee (the "Insured Premises").

2. Union Insurance Company ("Defendant") is an insurance company conducting business in the State of Tennessee, including Giles County, Tennessee. Defendant is a corporation formed under the laws of the State of Iowa with its principal place of business is located at 4820 Lake Brook Drive, Suite 300, Glen Allen, Virginia.

1

3. This Complaint originates as the result of a storm event that damaged the improvements and other property located at the Insured Premises, and Defendant's wrongful failure and refusal to promptly and fully pay Plaintiff for the insured losses it sustained.

4. Complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332 and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

## FACTS

5. At all times relevant hereto, Plaintiff was an insured policyholder pursuant to an insurance contract whereby Defendant agreed to insure the Insured Premises against property damage, being Policy No. 4260831-44 (the "Policy"). The Policy is attached hereto as Exhibit "A" and is incorporated herein by reference as if set forth verbatim. As relevant hereto, the term of the Policy was January 15, 2017 to January 15, 2018.

6. At all times relevant hereto, the Insured Premises consisted of a commercial building with a metal roof overlaid with insulation board and an EPDM membrane.

7. The Policy provided insurance coverage for loss or damage to the building located on the Insured Premises.

8. The Policy is an "all risk" policy, which means that it provided insurance coverage for all risks of direct physical loss of or damage to covered property unless the loss is specifically excluded or limited by the Policy.

9. As set forth in the Policy's declarations, coverage for the building on the Insured Premises was on a "replacement cost" valuation basis, which means that coverage is provided on a replacement cost basis without deduction for depreciation. Plaintiff also has the option of making an actual cash value only claim.

2

10. Pursuant to the Policy and at all times relevant to this Complaint, Plaintiff paid a premium to Defendant in exchange for insurance coverage as set forth in the Policy. Plaintiff paid the required premiums at all times relevant to this Complaint.

11. In the spring of 2017 during the term of the Policy, a severe windstorm event with high winds struck the Insured Premises, causing substantial damage to the building located on the Insured Premises (the "Loss"). As a result of the Loss, the buildings located on the Insured Premises suffered immediate and direct physical loss, including but not limited to, damage to the roof.

12. Plaintiff took immediate action to mitigate its losses, and promptly reported the Loss to Defendant.

13. The Policy was in full force and effect at the time of the Loss, and the Loss is a compensable claim under the terms of the Policy. As it relates to the Loss, there is no applicable exclusion.

14. After the Loss, Plaintiff fulfilled all duties imposed upon it by the Policy.

15. Despite the fact that Plaintiff has fulfilled all duties imposed upon it by Defendant and is at no fault in this matter, Defendant has failed to fully and promptly pay Plaintiff's claim for insurance proceeds.

16. To date, Defendant has failed to fully and properly pay Plaintiff's claim as required by the Policy.

17. There is no reasonable coverage dispute or other justifiable reason for Defendant's failure to pay Plaintiff's claim associated with the damage sustained.

18. Defendant's failure to timely pay Plaintiff the amount owed pursuant to the Policy is without justification.

19. Defendant's failure to pay the money and benefits due and owing Plaintiff under the Policy has caused it to initiate this lawsuit to recover the insurance proceeds to which it is entitled.

20. As a direct and proximate cause of Defendant's actions/inactions, Plaintiff has sustained substantial compensable losses, including all amounts due Plaintiff under the Policy and other such costs and expenses incurred as a result of Defendant's wrongful conduct.

## CAUSES OF ACTION

### Count I – Breach of Contract (against Defendant)

21. The allegations contained in the preceding paragraphs of this Complaint are incorporated herein by reference, as if set forth verbatim.

22. The Policy is a binding contract and is supported by valid consideration.

23. Defendant is in total, material breach of the Policy, and Defendant is liable to Plaintiff under the Policy for the Loss. Specifically, Defendant breached its contract with Plaintiff by its failure and refusal to fully and promptly pay the amounts owed to Plaintiff as a result of the Loss as required by the terms of the Policy.

24. As a result of Defendant's breach of contract, Plaintiff has sustained substantial compensable losses for the amounts claimed under the Policy, including but not limited to the replacement cost of the damage to the Insured Premises, as well as consequential damages, plus interest thereon.

25. Defendant's actions and breaches have further caused Plaintiff great and substantial harm due to the fact that it has been unable to replace much of the damage caused by the Loss as a result of the financial hardship unduly placed upon it as a direct and proximate result of Defendant's failure to pay Plaintiff the proper amounts as required by the Policy.

26. Plaintiff has mitigated its losses to the extent possible.

27. Defendant is liable to Plaintiff for its losses.

28. Defendant's breach of contract was intentional, fraudulent, malicious, and/or reckless, therefore justifying an award of punitive damages. *See, e.g., Riad v. Erie Ins. Exchange*, 436 S.W.3d 256, 276 (Tenn. Ct. App. Oct. 31, 2013). Specifically, Defendant intentionally, fraudulently, maliciously, and/or recklessly: (1) failed to effectuate a prompt and fair settlement of Plaintiff's claim when liability was clear; (2) refused and failed to conduct a reasonable investigation of Plaintiff's claim based on all available information; (3) unjustly refused to pay Plaintiff's claim for its own financial preservation with no reasonable or justifiable basis; (4) refused and failed to obtain all reasonably available information and generally ignored Plaintiff's claim; (5) failed to adopt, implement, and enforce reasonable standards for the prompt investigation and settlement of claims arising under its insurance policies; (6) failed to treat Plaintiff's interests equal to that of its own; (7) failed to promptly provide Plaintiff with a reasonable explanation for its refusal to fully pay Plaintiff's claim; (8) failed to timely and fully pay all amounts due and owing under the Policy with no reasonable or justifiable basis; (9) misrepresented to Plaintiff the application of certain provisions of the Policy to avoid fully paying Plaintiff the amounts to which it was entitled; and (10) engaged in such other acts toward Plaintiff that amount to acts of baseness, vileness, and/or depravity that are contrary to the duties owed to Plaintiff. Defendant knew, or reasonably should have known, that Plaintiff was justifiably relying on the money and benefits due it under the terms of the Policy. Nevertheless, acting with conscious disregard for Plaintiff's rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on Plaintiff, Defendant consciously refused to fully compensate Plaintiff for its losses, and withheld monies and benefits rightfully due Plaintiff.

In so acting, Defendant intended to and did injure Plaintiff in order to protect its own financial interests, and should be punished. Defendant seeks, and is entitled to, punitive damages.

**Count II – Statutory Bad Faith**

29. The allegations contained in the preceding paragraphs of this Complaint are incorporated by reference as if set forth verbatim herein.

30. Defendant's refusal and failure to pay the amounts contractually owed to Plaintiff is arbitrary and capricious and constitutes bad faith pursuant to Tenn. Code Ann. § 56-7-105 in that more than sixty (60) days have passed since a formal demand has been made on Defendant and full payment has not been made for the Loss as required pursuant to the Policy for which the twenty-five percent (25%) statutory penalty for bad faith should be invoked.

31. The bad faith of Defendant is evidenced by the fact that, at all times material hereto, Defendant knew, or reasonably should have known that Plaintiff was justifiably relying on the money and benefits due it under the terms of the Policy and as otherwise promised and represented by Defendant, as well as the actions of Defendant as set forth in paragraph 32 below and 28 above. Nevertheless, acting with conscious disregard for Plaintiff's rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on Plaintiff, Defendant consciously refused to pay in full Plaintiff's valid claim and withheld monies and benefits rightfully due to Plaintiff.

32. Defendant's bad faith is evidenced by all of the facts and allegations set forth above in this Complaint, together with the following:

    a. Defendant's intentional failure to fully inform Plaintiff of its rights and obligations under the Policy;

b. Defendant's intentional failure to attempt in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim when liability was reasonably clear;

c. Defendant's intentional refusal to pay Plaintiff's claim in full and to otherwise honor its obligations under the Policy without conducting a reasonable investigation based on all available information;

d. Defendant's intentional refusal to fully investigate Plaintiff's claim and to obtain all available information before alleging that it had no further obligations to Plaintiff;

e. Defendant's failure to promptly provide Plaintiff with a reasonable and accurate explanation for its refusal to pay its claim in full;

f. Defendant's intentional failure to properly adjust Plaintiff's claim and to pay Plaintiff fully for its losses;

g. Defendant's intentional failure to pay all amounts due and owing to Plaintiff under the Policy with no reasonable or justifiable basis;

h. Defendant's misrepresentation to Plaintiff of its obligations under the Policy;

i. Defendant's failure to pay even the amounts acknowledged by its own consultants; and

j. Defendant's unjustified refusal to pay Plaintiff's claim for its own financial preservation.

33. In so acting, Defendant intended to and did injure Plaintiff in order to protect its own financial interests, and should be punished via the twenty-five percent (25%) bad faith penalty authorized by statute.

WHEREFORE, as a result of the foregoing, Plaintiff would respectfully request that proper process be issued and served on Defendant requiring it to answer or otherwise respond in the time period allotted by law, and that this Honorable Court award judgment against Defendant as follows:

A. For compensatory damages not to exceed $3,000,000.00;

B. For punitive damages not to exceed $3,000,000, or such other amount authorized by law;

C. For a statutory bad faith penalty of twenty-five percent (25%);

D. For all costs incurred as a result of this action;

E. For pre- and post-judgment and interest; and

F. For such other further and general relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a jury of its peers.

Respectfully submitted,

GILBERT McWHERTER
SCOTT BOBBITT PLC

*s/ J. Brandon McWherter*
J. BRANDON McWHERTER #21600
bmcwherter@gilbertfirm.com
JONATHAN L. BOBBITT #23515
jbobbitt@gilbertfirm.com
341 Cool Springs Blvd., Suite 230
Franklin, Tennessee 37067
(615) 354-1144

CLINTON H. SCOTT #23008
cscott@gilbertfirm.com
101 N. Highland Avenue
Jackson Tennessee 38301
(731) 664-1340
*Attorneys for Plaintiff*